Case 2:24-cv-00243   Document 33   Filed on 08/08/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 08, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DALE HAVENS, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:24-CV-00243 |
| | § | |
| ARANSAS COUNTY SHERIFF'S | § | |
| DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason B. Libby's Memorandum and Recommendation ("M&R"). (D.E. 17). The M&R recommends that the Court dismiss Plaintiff's complaint with prejudice, count the dismissal as a "strike" for purposes of 28 U.S.C. § 1915(g), and instruct the Clerk of Court to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas. *Id.* at 4. Plaintiff filed written objections to the M&R. (D.E. 24).[1]

### I. Law

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per

---

[1] The Court mailed the M&R to Plaintiff twice. On January 31, 2024, the M&R was delivered to Plaintiff at Garza West Unit. (D.E. 20). On February 25, 2025, the M&R was delivered to Plaintiff at Aransas County Detention Center. (D.E. 23). To ensure that Plaintiff received the M&R and, thus, had an opportunity to object, the Court uses the second date of delivery, February 25, 2025, to calculate Plaintiff's objection deadline. Accordingly, Plaintiff's objections were due by March 11, 2025. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13. Plaintiff's objections, which were filed with the Court on March 5, 2025, (D.E. 24), were timely.

curiam).

## II. Analysis

### A. M&R

The M&R describes the reason for recommending dismissal as follows. Plaintiff's complaint is "confusing," "disorganized," and "not dissimilar to many of the lawsuits [Plaintiff] has recently filed in this Court." (D.E. 17, p. 1). The Court held a telephonic hearing on December 23, 2024, in which the Court "advised Plaintiff his complaint was subject to dismissal because his pleading was confusing and he has failed to state plausible claims." *Id.* at 2. The Court further advised Plaintiff that he could either (a) dismiss his case without prejudice if he did not want to pay the filing fee or incur strikes or (b) file an amended complaint within 30 days to cure the pleading deficiencies. *Id.* Plaintiff stated he understood and had no questions. *Id.*

Following the telephonic conference, the Court entered a written order for Plaintiff to file an amended complaint on or before January 23, 2025. (D.E. 13, p. 3). This order detailed the deficiencies in Plaintiff's complaint, *id.* at 1–2, and provided detailed directions for amending the complaint, *id.* at 3–4. The order concluded, "If Plaintiff fails to either file an amended complaint or, alternatively, fails to file a motion to voluntarily dismiss this action, this case will be summarily dismissed." *Id.* at 4. The order reiterated this and other warnings regarding the possibility of dismissal. *Id.* at 5.

Plaintiff did not file an amended complaint. So, reasoning that "Plaintiff has alleged confusing and conclusory allegations which fail to state a plausible claim," the M&R recommends dismissal with prejudice. (D.E. 17, p. 3–4).

### B. Objections

Liberally construed, Plaintiff objects that: (1) the M&R screens Plaintiff's complaint in a

cursory fashion; (2) the Court has demonstrated bias against Plaintiff; (3) the Court did not order a more definite statement or responses to a questionnaire before recommending dismissal; (4) the Court's order for Plaintiff to remove dialogue from his complaint is inconsistent with the Court's reasoning that his complaint contains conclusory allegations; (5) the Court must construe Plaintiff's pleadings liberally because he is pro se; (6) Plaintiff has been prejudiced in meeting the Court's deadlines by his transfer to Garza West Unit and related issues with access to legal materials, writing materials, and mail. *See* (D.E. 24, p. 1–2). Plaintiff also recommends that the Court remove Magistrate Judge Libby from this case. *Id.* at 2.

First, the Court addresses Plaintiff's complaints of bias in the screening process. Then, the Court addresses Plaintiff's issues with access to legal materials, writing materials, and mail. Last, the Court addresses Plaintiff's failure to state a claim upon which relief can be granted.

### i. Bias Objections

The Court takes seriously its duty to treat all parties fairly and without bias. The Court also remains "mindful of its duty to treat pro se litigants with more leniency than represented parties." *Welsh v. Collier*, 2020 U.S. Dist. LEXIS 199154, at *6 (W.D. Tex. October 27, 2020) (Pitman, J.). That said, the Court has provided Plaintiff ample opportunity to plead his best case.

At the December 2024 telephonic conference, the Court explained to Plaintiff that his "pleadings are confusing and it's basically impossible . . . to understand what [Plaintiff is] complaining about." (D.E. 15, p. 11). However, the Court recognized that Plaintiff has a right to amend his complaint to state his claims clearly. *Id.* at 12. The Court clarified that Plaintiff's amended complaint should eliminate long narratives and quotations from conversations and instead provide "a short statement of who [Plaintiff is] suing and why." *Id.* at 12–13. When asked if he understood, Plaintiff indicated, "[T]hat better explains things." *Id.* at 13. The written order

that followed detailed the deficiencies in Plaintiff's complaint, (D.E. 13, p. 2); provided directions for amending the complaint, *id.* at 3; and described what would happen if Plaintiff did not file an amended complaint, *id.* at 4.

Far from providing a cursory screening process, the Court—through the telephonic conference and detailed order that followed—gave Plaintiff a full and fair opportunity to amend his complaint and plead claims upon which relief can be granted. Though Plaintiff is correct that the Court did not order Plaintiff to submit a response to questionnaire or a more definite statement, this is because the Court ordered Plaintiff to articulate his claims through an amended complaint. *Id.* Finally, the process the Court followed is consistent with construing Plaintiff's pro se pleadings liberally. *See Burgess v. United States*, 2021 U.S. Dist. LEXIS 183827, at *6 (N.D. Tex. September 27, 2021) (Pittman, J.) ("Pro se filings are liberally construed, but those relaxed standards do not require the Court to guess or to develop the arguments on the litigant's behalf." (citing *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993))).

Accordingly, although Plaintiff may feel that the Court is biased against him, the record reflects that the Court has treated Plaintiff with fairness and the leniency that is appropriate for pro se litigants. The Court **OVERRULES** any liberally construed objections from Plaintiff to the M&R based on allegations of bias or receiving a cursory screening process. To the extent Plaintiff's recommendation to remove Magistrate Judge Libby from this case can be liberally construed as a motion, the Court **DENIES** that motion.

### ii. Access to Legal Materials, Writing Materials, and Mail

Plaintiff objects that he missed the Court's deadline to amend the complaint "due to being prejudiced by TDCJ Garza West by not providing legal and writing materials to meet court deadlines and only giving [Plaintiff] mail on only two days January 17, 2025 and February 10,

2025." (D.E. 24, p. 1). The Court rejects this argument for two reasons. *First*, Plaintiff did not seek an extension of his deadline to file an amended complaint or explain, in his objections to the M&R, how he would amend the complaint to current its deficiencies. *See* (D.E. 24). *Second*, Plaintiff sought an extension of a deadline in another case before the Court while he was in Garza Unit West, which undermines his argument that his allegedly limited receipt of mail while at TDCJ Garza West caused him to miss the deadline in this case. *See Havens v. Chapa, et al.*, 2:24-CV-00105 (S.D. Tex. January 6, 2025) (D.E. 77) (Plaintiff moving for extension of deadline to file objections to memorandum and recommendation). For these reasons, the Court **OVERRULES** any liberally construed objection that Plaintiff's impaired access to legal materials, writing materials, or mail caused him to miss the Court's deadline to file an amended complaint.

### iii. Failure to State a Claim

Now, the Court gets to the heart of the matter. Plaintiff has failed to state a claim upon which relief can be granted. After conducting a de novo review of Plaintiff's complaint, the Court agrees with Magistrate Judge Libby's assessment: The complaint is confusing. *See* (D.E. 1, p. 8–23). Without any amendments, the complaint does not state a claim upon which relief can be granted. *See* (D.E. 17, p. 3–4). The Court's duty to construe pro se pleadings can only go so far. To liberally construe this document, the Court would have to make constant guesses and reshape Plaintiff's case into appropriate claims. Such a rewriting of Plaintiff's complaint is not the role of the Court. *See Jacobsen v. Filler*, 790 F.2d 1362, 1366 (9th Cir. 1986) ("To give [legal] advice would entail the district court's becoming a player in the adversary process rather than remaining its referee.").

### III. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the

applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 24), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 17). Accordingly, the Court **DISMISSES with prejudice** Plaintiff's complaint, (D.E. 1), and **COUNTS** this dismissal as a strike for purposes of 28 U.S.C. § 1915(g). The Court **INSTRUCTS** the Clerk of Court to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov. The Court will enter a final judgment separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
August 8th, 2025